UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMIR BATLAK,

                              Petitioner,

        v.

PAMELA BONDI, et al.,

                              Respondents.

CASE NO. C26-0627JLR

ORDER

## I.    INTRODUCTION

Before the court is *pro se* Petitioner Damir Batlak's petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 4); Traverse (Dkt. # 10).)  The Government[1] opposes the petition.  (Return (Dkt. # 7).)  The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court GRANTS the petition.

---

[1] The Federal Respondent is United States Attorney General Pamela Bondi (referenced herein as the "Government").

ORDER - 1

## II.    BACKGROUND

Petitioner is a citizen of Bosnia Herzegovina ("Bosnia") who was admitted to the United States as a refugee on or about August 25, 1995.  (Douglas Decl. (Dkt. # 8) ¶ 3.)  Beginning in 1999, Petitioner acquired a criminal record pertaining largely to possession of narcotics, burglary, and possession of weapons.  (Wong Decl. (Dkt. # 9) ¶ 2, Ex. 1 (I-213) at 2 (listing arrests and convictions); Douglas Decl. ¶ 4.)  Most recently, on April 14, 2023, the Superior Court of Arizona, Maricopa County, convicted Petitioner of possession or use of a narcotic drug and unlawful possession of a weapon and sentenced him to three years of probation.  (Douglas Decl. ¶ 6; Wong Decl., Ex. 2 at 4.)  On April 21, 2023, immigration officials encountered Petitioner at the Arizona Department of Corrections and served an immigration detainer.  (Douglas Decl. ¶ 7.)  On February 16, 2024, Immigration and Customs Enforcement ("ICE") (1) took custody of Petitioner, (2) issued him a Notice to Appear, and (3) entered him into removal proceedings before an immigration judge.  (*Id*. ¶ 8; Wong Decl. ¶ 2, Ex. 2 (Notice to Appear).)  Immigration officials subsequently transported Petitioner to the Florence Correctional Center. (Douglas Decl. ¶ 8.)

On April 14, 2024, Petitioner filed with the immigration court an application to adjust his immigration status.  (*Id*. ¶ 9.)  In June 2024, Petitioner filed another application to adjust his status with U.S. Citizenship and Immigration Services.  (*Id*. ¶ 10.)  Later that month, Petitioner, represented by counsel, appeared in immigration court for a bond hearing.  (*Id*. ¶ 12.)  The IJ concluded that he did not have jurisdiction to consider bond

ORDER - 2

and that Petitioner was not subject to mandatory detention. (*Id.*) Petitioner reserved the right to appeal the IJ's decision, but did not file an appeal. (*Id.*)

On August 26, 2025, Petitioner, represented by counsel, appeared for a master calendar hearing in immigration court, at which time (1) Petitioner waived his right to apply to adjust status and (2) the IJ ordered Petitioner removed to Bosnia. (*Id.* ¶ 13; Wong Decl., Ex. 3 (Order of IJ).) Petitioner waived the right to appeal and the IJ's order became final. (Douglas Decl. ¶ 13.)

In December 2025, Petitioner completed travel document application forms. (*Id.* ¶ 14; Traverse ¶ 2.) Between January and March 2026, the Government directed Petitioner to assist with facilitating his removal to Bosnia. (Douglas Decl. ¶¶ 16-20.) The Government represents that there is a significant likelihood of removal in the reasonably foreseeable future. (*Id.* ¶ 21.)

On February 23, 2026, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his immediate release and a bond hearing. (Pet.; *see also* Traverse at 4.) Petitioner asserts that his detention violates his due process rights. (*See generally* Pet. at 3-4.) The petition is now fully briefed and ripe for the court's consideration.

### III.    ANALYSIS

The Immigration and Nationality Act ("INA") permits detention of noncitizens present in the United States during immigration proceedings. 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a). A noncitizen who is ordered removed must be removed by DHS within 90 days, *id.* § 1231, and, during the removal period, the noncitizen must be

ORDER - 3

detained, *id*. § 1231(a)(2).  When the Government fails to remove the noncitizen during that period, the statute only permits further detention of the noncitizen under certain conditions:  (1) the noncitizen is "inadmissible" under certain grounds, (2) the noncitizen is "removable" as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, or (3) the noncitizen has been "determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal."  8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

Although ICE may hold noncitizens in detention beyond the initial 90day window subject to certain limitations, the INA does not permit indefinite detention.  *Zadvydas*, 533 U.S. at 682 (affirming that the INA limits the "post-removal-period detention to a period *reasonably necessary* to bring about [the noncitizen's] removal from the United States" (emphasis in original)).  Furthermore, ICE may extend a noncitizen's detention only until "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id*. at 701.  The Supreme Court has held that a six-month period of detention is presumptively reasonable.  *Id*.  After six months of detention, a noncitizen seeking release from detention bears the burden of showing that "there is no reasonable likelihood of removal in the reasonably foreseeable future."  *Id*.  If the noncitizen makes such a showing, the Government "must respond with evidence sufficient to rebut that showing."  *Id*.  If the Government is unable to meet its burden, then the noncitizen must be released from detention.  *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

ORDER - 4

Having been detained for seven months since his final order of removal, Petitioner's detention is not "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Petitioner has adduced evidence showing that "Bosnian officials have continued to delay travel documents" and deny that Petitioner is a citizen of Bosnia. (Traverse ¶ 3.) The record also shows that the Government (1) did not pursue a travel document for Petitioner until he had been in custody for nearly four months after his order of removal became final, (2) failed in March 2026 to obtain a travel document for Petitioner, and (3) still does not have the appropriate identity documents necessary to even request a travel document from the Bosnian consulate. (*See* Douglas Decl. ¶¶ 18-21.) The court concludes that Petitioner has met his burden to show that there is no significant likelihood of removal. (*See* Pet. at 9 (stating that ICE has had custody of Petitioner since February 2024)); *see also Bhandari v. Bondi*, No. C25-2747-KKE, 2026 WL 369403, at *4 (W.D. Wash. Feb. 10, 2026) (concluding that a petitioner held in ICE custody for more than eight months after his order of removal became final had met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future).)

The burden thus shifts to the Government to respond with evidence sufficient to rebut Petitioner's showing. *Zadvydas*, 533 U.S. at 701. Although the Government asserts that it has "a cooperative relationship with Bosnia" and has had historical success removing noncitizens to Bosnia, such general statements fail to show a likelihood that *Petitioner* will be removed in the reasonably foreseeable future. The Government also provides no reliable estimate for the time required to effectuate Petitioner's removal. (*See generally* Return.) At this point, the Government has held Petitioner in immigration

ORDER - 5

custody for over two years.  (*See* Douglas Decl. ¶ 8 (stating that on February 16, 2024, the Government placed Petitioner in federal custody).)  The court thus concludes the Government has failed to meet its burden.  The Government may not hold Petitioner in custody indefinitely while it awaits a travel document from Bosnia.  Petitioner is entitled to relief under *Zadvydas*, and the court will grant his habeas petition.  Because the court orders Petitioner's immediate release, it declines to also order that the Government provide Petitioner a bond hearing.

## IV.    CONCLUSION

Accordingly, the court ORDERS as follows:

(1) The petition for a writ of habeas corpus (Dkt. # 4) is GRANTED;

(2) Respondents SHALL release Petitioner Damir Batlak from detention within FORTY-EIGHT (48) hours;

(3) Within SEVENTY-TWO (72) hours of this Order, Respondents SHALL file with the court a status report confirming that Petitioner has been released from custody and informing the court of the date and time of his release.

Dated this 2nd day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 6